Henderson, Chief-Justice,
 

 after stating the case as • above, proceeded: The question submitted is, was the. administrator guilty of a
 
 devastavit
 
 in paying the judgments subsequently rendered u gainst him ? We think that he was.
 

 If justices were bound to state the facts, which they find to be true or false, and on which they render their
 
 *93
 
 judgments, very few of them could be sustained, therefore take it for granted, that every thing is found by them which is necessary to support their judgments, unless the contrary appear. The justice having rendered judgment on these warrants, the legal presumption th.en is, that he found every fact necessary to support him, and that he negatived every plea which was a bar to the plaintiff.. We therefore conclude, that he found ■all the pleas in relation to the assets to he false, or enough of them to he so, to warrant the judgments. For the practice of not enquiring into the truth of those pleas appears to me to be very strange, notwithstanding it is said to have prevailed in New-York, and in some parts' of this state. It is very strange, that a court should possess the power to hear and to deckle on the matterof charge, and have no power also to heap and decide oil the defence. The proposition to my mind borders on the absurd; with much deference I speak it. S must therefore conclude that in, law,, whatever may be the fact, the pleas were then passed on by the justice, and found to be untrue; that it was found that the defendant’s testator-had assets; and the judgment not having been paid, the condition, of the bond is therefore broken. We
 

 In reviewing; a. judgment rendered by 7 jus», tice ofthe per,.’,e„ every fact: cessary to sup. port't !s to be taken s?. i&.and, unless the con trary appears.
 

 ¶!
 
 A
 
 justice oj-the peace can try the truth of' any plea',, which if sustained, would bai* an ac-. tion within his. jurisdiction,.
 

 But take* it in the most liberal manner, suppose that the pleas were not passed on, that by law it was beyond the power of the justice to pass on them, they must be" passed on by some tribunal, and the plaintiff must harm the benefit of the fact, if the defendant had assets; and suppose further there was no tribunal, appointed by law, to try that fact — and I presume the parties knew there was none, unless it was the justice of, the peace — the plaintiff should have the right in the present action of showing' it. In this point of view he is clearly entitled to charge the defendant now, unless it' can be shown that the judgments are judgments
 
 quando ;■
 
 and they bear no resemblance to such judgments. The facts are against guch presumption; for it cannot be readily supposed, that the plaintiff would exonerate the?® 10,000, then in hand, and look out for the future assets, when ha coin,-
 
 *94
 
 menced Ms suit on the very day on which administration was granted: and there was sold in twenty days g 10-000 worth of assets. So take it either way, there is a breach of the bond.
 

 Per Curiam.' — Judgment aefirmeik